IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CAROLYN JOBE,  )
  )
    Plaintiff,  )
  )
    v.  )    CIVIL ACTION NO.: 10-684
  )
  )
THE PRUDENTIAL INSURANCE  )
COMPANY OF AMERICA  )
  )
    Defendant,  )

MEMORANDUM OPINION AND ORDER

CONTI, District Judge

    Pending before the court is the motion to dismiss (the "Motion") (Docket No. 4) filed pursuant to Federal Rule of Civil Procedure 12(b)(6), by defendant Prudential Insurance Company of America ("defendant" or "Prudential"). In the Motion defendant seeks to dismiss the complaint (the "Complaint")(Docket No. 1-2) filed by plaintiff, Carolyn Jobe ("plaintiff" or "Jobe"). The Complaint was filed on April 27, 2010, in the Court of Common Pleas of Westmoreland County, Pennsylvania and that civil action was removed to this court on May 19, 2010, by defendant (Docket No. 1), pursuant to 28 U.S.C. § 1441. Defendant alleged federal jurisdiction exists under 28 U.S.C. § 1331, on the basis that plaintiff's claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq., and under 28 U.S.C. § 1332, on the basis of diversity between the parties.

    In the Complaint Jobe sets forth four claims based upon state law claims: 1) court I – breach of contract; 2) count II – breach of duty of good faith and fair dealing; 3) count III – violations of Pennsylvania's insurance bad faith statute, 42 PA. CONS. STAT. § 8371; and 4) count

1

IV – violations of Pennsylvania's Unfair Trade Practices in Consumer Protection Law ("UTPCPL"), 73 PA. CONS. STAT. §§ 201-1 et seq., and Pennsylvania's Unfair Insurance Practices Act, 40 PA. CONS. STAT. §§ 1171.1 et seq.

On June 2, 2010, defendant filed the Motion and a brief in support (Docket No. 5), seeking dismissal with prejudice of all claims on the basis that plaintiff failed to state a claim upon which relief can be granted. On July 2, 2010, plaintiff filed a brief in opposition to the Motion. (Docket No. 11.) On August 26, 2010, the court held a hearing on the Motion. At the hearing the court ruled that all claims asserted in the Complaint are preempted under ERISA. Plaintiff did not dispute the court's rulings on its claims for breach of contract at count I, breach of duty of good faith and fair dealing at count II, or for violations of the UTPCPL at count IV. Plaintiff disputed the court's ruling, however, with respect to the insurance bad faith claim at count III. The court permitted plaintiff until September 15, 2010, to amend the complaint by asserting any claims plaintiff might have under ERISA. Plaintiff did not file an amended complaint. For the reasons set forth below, which were also set forth on the record at the hearing on August 26, 2010, defendant's Motion will be granted.

I. **Background**

Plaintiff claims that she is entitled to damages resulting from an alleged delay in approving her claim for long-term disability benefits. The delay related to the amount of time it took defendant to process her claim. Plaintiff was employed by NiSource Inc., which provided a disability insurance plan to its employees for lost wages in the event that they become disabled. (Comp. ¶¶ 4-7.) Plaintiff purchased disability insurance under that plan through her employer. (Id. ¶ 6.) The insurance policy was provided by Prudential. (Id. ¶¶ 6-8.)

2

On or about October 29, 2007, plaintiff's treating physician diagnosed her with long-standing relapsing multiple sclerosis causing fatigue and lack of endurance that interfered with her cognition and ability to work. (Id. ¶ 12.) On November 19, 2007, Jobe filed a disability claim. (Id. ¶ 13.) On or about March 6, 2008, Prudential sent a letter to plaintiff initiating a review of plaintiff's long-term disability claim. (Id. ¶ 28.) On May 8, 2008, defendant denied plaintiff's long-term disability claim, based upon defendant's determination, after reviewing plaintiff's medical records, that Jobe was not disabled. (Id. ¶ 37.) On or about June 9, 2008, Jobe sent a letter to Prudential advising of the appeal of the denial of her claim. (Id. ¶ 46.) On or about November 6, 2008, Prudential approved plaintiff's claim. (Id. ¶ 71.)

## II.  Standard for Motion to Dismiss

A motion to dismiss tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss the court is to view the facts alleged in the complaint as true and to draw reasonable inferences in favor of the plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). The court does not base its decision on whether it appears likely that the plaintiff will prevail on the merits. Id. The factual allegations pleaded by a plaintiff need only be a short and plain statement of the claim showing that the pleader is entitled to relief and giving fair notice to the defendant of what the claim is and the grounds upon which it rests. Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Though detailed factual allegations are not required to survive a Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") motion to dismiss, a complaint must provide "more than labels and conclusions" and a "formulaic recitation of the elements of a cause of action will not

3

do." Twombly, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level" and sufficient to state a claim for relief that is plausible on its face. Id. at 555-56. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).

This "plausibility standard" does not, however, heighten the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). Twombly, 550 U.S. at 569 n.14. But it does ask "for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S. Ct. at 1949. In order to cross over the "line between possibility and plausibility" the complaint must plead facts that are more than "merely consistent with" a defendant's liability. Twombly, 550 U.S. at 557. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

Two principles underlie Twombly, and this court's assessment of a motion to dismiss. First, a court need not accept as true allegations that amount to legal conclusions. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Second, a complaint must state a plausible claim for relief in order to survive a Rule 12(b)(6) motion. Id. at 1950. Ascertaining whether a plausible claim for relief has been pled is a context-specific task that requires the court to draw on its judicial experience and common sense. Id.

Generally, courts are to notify plaintiffs that they have leave to amend their complaints unless the amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (reversing district court for failing to grant plaintiff right to amend

when the district court did not specifically find that granting leave to amend would be inequitable or futile). Allowing for amendment is consistent with Rule 15(a) of the Federal Rules of Civil Procedure, which provides "leave [to amend] shall be freely given when justice so requires." A court, however, may decide to deny leave to amend for reasons such as undue delay, bad faith, dilatory motive, prejudice, and futility. In re Burlington Coat Factory Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). The standard of legal sufficiency set forth in Federal Rule of Civil Procedure 12(b)(6) determines whether a proposed amendment would be futile. Id. An amendment is futile where the complaint, as amended, would fail to state a claim upon which relief could be granted. Id.

### III. Discussion

#### A. Arguments Presented

Defendant argues that plaintiff's state law claims are preempted by ERISA and are not exempt from preemption under ERISA's savings clause, 29 U.S.C. § 1144(b)(2)(A). Defendant contends that ERISA does not provide any remedy for plaintiff's claims based upon state law because the plan through which plaintiff purchased her disability insurance policy is an employee welfare benefit plan within the meaning of ERISA.

Plaintiff argues that the actions complained of arise independently of ERISA and the terms of the employee benefit plan. In the alternative, plaintiff argues that even if her claims fall under the terms of the employee benefit plan, her insurance bad faith claim, filed pursuant to 42 PA. CONS. STAT. § 8371, is exempt from preemption under the provisions of ERISA's savings clause, 29 U.S.C. § 1144(b)(2)(A).

5

**B.      Statutory Framework**

Congress enacted ERISA to

> protect . . . participants in employee benefit plans and their
> beneficiaries, . . . by establishing standards of conduct,
> responsibility, and obligation for fiduciaries of employee benefit
> plans, and by providing for appropriate remedies, sanctions, and
> ready access to the Federal courts.

29 U.S.C. § 1001(b). "The purpose of ERISA is to provide a uniform regulatory regime over employee benefits." Aetna Health, Inc. v Davila, 542 U.S. 200 (2004); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 44 (1987) ("ERISA comprehensively regulates, among other things, employee welfare benefits plans that, 'through the purchase of insurance or otherwise,' provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability, or death.") (quoting 29 U.S.C. § 1002(1)); Shaw v. Delta Air Lines, 463 U.S. 85, 90 (1983) (finding that ERISA is a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans). Congress intended to give the employers the advantages of a uniform set of administrative procedures governed by a single set of regulations. Fort Halifax Packing Co. v. Coyne, 482 U.S. 1, 11 (1987).

Whether a "plan" exists within the meaning of ERISA is a question of fact to be answered in light of all surrounding facts and circumstances from the point of view of a reasonable person. Deibler v. United Food & Commercial Workers' Local Union 23, 973 F.2d 206, 209 (3d Cir. 1992) (citing Wickman v. Nw. Nat'l Ins. Co., 908 F.2d 1077, 1083 (1st Cir. 1990) ("[t]he crucial factor in determining whether a 'plan' has been established is whether [the employer has expressed an intention] to provide benefits on a regular and long-term basis"). In Minnis v. Baldwin Bros. Inc., 150 F. App'x. 118, 120 (3d Cir. 2005), the Court of Appeals for the Third Circuit affirmed that a plan, fund, or program exists if from the surrounding

circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and the procedures for receiving benefits.

An "employee benefit plan" is covered under ERISA "if it is established or maintained

> (1) by any employer engaged in commerce or in any industry or activity affecting commerce;  or
>
> (2) by any employee organization or organizations representing employees engaged in commerce or in any industry or activity affecting commerce; or
>
> (3) by both

29 U.S.C. § 1003.  ERISA includes an expansive preemption provision, 29 U.S.C. § 1144(a), which provides:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

29 U.S.C. § 1144(a).  The preemption provisions are "'intended to ensure that employee benefit plan regulation would be "exclusively a federal concern."'  Aetna Health, 542 U.S. at 208 (quoting Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 523 (1981).

Once it is determined that a plan is an employee benefit plan then a state law claim is preempted under ERISA if the state law giving rise to the claim "relate[s] to" the benefit plan in that "it has a connection with or reference to such a plan," even if the law is not specifically designed to affect employee benefit plans.  Pilot Life, 481 U.S. at 47 (quoting Metro. Life Ins. Co. v. Massachusetts, 471 U.S. 724, 739 (1985)).

The preemption clause, however, is subject to the savings clause which provides:

> except as provided in subparagraph (B)[1], nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities.

29 U.S.C. § 1144(b)(2)(A). The savings clause gives states the power to enforce state laws that "regulate insurance." Id.

In the instant case, the parties do not dispute that plaintiff's disability benefits are provided to her through an employee welfare benefit plan sponsored by her employer. The two provisions of ERISA at issue are the preemption clause and the savings clause.

**C.   Plaintiff's State Law Claims**

   1. Breach of Contract

At count I, plaintiff claims that defendant failed timely to provide benefits contracted for, thereby breaching its duty to plaintiff under the applicable insurance policy. In Pilot Life, the United States Supreme Court held that breach of contract claims based upon claims related to benefits arising out of an employee benefit plan are preempted by ERISA. Pilot Life, 481 U.S. at 47. Likewise, the Court of Appeals for the Third Circuit ruled that state law claims for breach of contract under an employee benefit plan are expressly preempted by ERISA. Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 278 (3d Cir. 2001) (holding that suits against HMO's and

---

[1]   29 U.S.C. § 1144(b)(2)(B) provides:

> Neither an employee benefit plan . . . nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer, bank, trust company, or investment company or to be in the business of insurance or banking for purposes of any law of any State purporting to regulate insurance companies, or investment companies.

29 U.S.C. § 144(b)(2)(B); see Barber v. UNUM Life Ins. Co. of Am., 383 F.3d 134, 137 n.2 (3d Cir. 2004) (referring to same as the "deemer clause").

8

insurance companies for denial of benefits, even when the claim is couched in terms of common law negligence or breach of contract are preempted by ERISA). Therefore, plaintiff's breach of contract claim must be dismissed as a matter of law, because it is clear from the face of the complaint that plaintiff is asserting a state law claim against defendant based on an alleged mishandling of benefits owed pursuant to an employee welfare benefit plan that is governed by ERISA. Plaintiff did not dispute the court's ruling with respect to her breach of contract claim at the hearing on the Motion.

### 2. Breach of Duty of Good Faith and Fair Dealing

At count II, plaintiff claims that defendant acted in bad faith and breached the contractual duties of good faith and fair dealing while handling her disability claim. This state law claim is also preempted by ERISA's express preemption clause, 29 U.S.C. § 1144(a), because the contract that is allegedly breached is an employee benefit plan under ERISA. See Pilot Life, 481 U.S. at 47; Pryzbowski, 245 F.3d at 278. Therefore, this claim must be dismissed for the same reason plaintiff's breach of contract claim must be dismissed. Plaintiff did not dispute the court's ruling on this claim at the hearing on the Motion.

### 3. Bad Faith Acts

At count III, plaintiff claims that defendant engaged in conduct in violation of Pennsylvania's bad faith statute, 42 PA. CONS. STAT. § 8371, which provides in relevant part:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.

>              (3) Assess court costs and attorney fees against the insurer.

42 Pa. CONS. STAT. § 8371.

Plaintiff contends that the actions taken by defendant violate legal duties that arise independently of ERISA and the terms of an employee benefit plan. Plaintiff maintains that claims that arise under Pennsylvania's bad faith statute are separate and distinct causes of action against insurers that are fully independent of any federally related contract. In support, plaintiff relies, among others, upon Rosenbaum v. UNUM Life Insurance Co. of America, No. 01-6758, 2002 WL 1769899, at **1-9 (E.D. Pa. July 29, 2002) (holding that 42 PA. CONS. STAT. § 8371 is not expressly preempted because it "regulates insurance"); and Stone v. Disability Management Services, Inc., 288 F. Supp. 2d 684 (M.D. Pa 2003) (same).

Defendant argues that plaintiff's claims brought under Pennsylvania's bad faith statute are preempted by ERISA. Defendant argues that ERISA preempts 42 PA. CONS. STAT. § 8371 for two reasons. First, conflict preemption exists because 42 PA. CONS. STAT. § 8371 sets forth a separate enforcement scheme, including a punitive damages provision, which conflicts with ERISA's exclusive civil enforcement provision in § 502(a), 29 U.S.C. § 1132(a). Second, the bad faith claims are preempted by ERISA because Pennsylvania's insurance bad faith statute does not satisfy the requirements of ERISA's savings clause, 29 U.S.C. § 1144(2)(A). Defendant relies upon the decision of the Court of Appeals for the Third Circuit in Barber v. UNUM Life Insurance Company of America, 383 F.3d. 134 (3d Cir. 2004). The court agrees.

In Barber, the court of appeals held that Pennsylvania's bad faith statute, 42 PA. CONS. STAT. § 8371, is conflict preempted[2] by ERISA's civil enforcement remedy found in § 502(a), or

---

2      The court of appeals in Barber commented on Aetna Health:

in the alternative, is expressly preempted under ERISA, 29 U.S.C. § 1144(a). The court of appeals instructed that, although the statute is "specifically directed at insurance," it fails to satisfy the requirements for the savings clause because it does not substantially affect risk pooling between the insurer and the insured. Barber, 383 F.3d at 143. The court of appeals defined "risk" as the risk of occurrence of injury or loss for which the insurer agrees to compensate the insured. Id. Risk pooling was described as spreading the losses over all risks in order to enable the insurer to accept each risk at a slight fraction of the possible aggregate liability. Id. The court noted that the risk pooling, or risk of disability, is reflected in the policy itself, and that the "tort of bad faith breach of an insurance contract is not ordinarily a risk identified in the insurance policy as a risk of loss the insurer agrees to bear for its insured." Id. In Scheibler v. Highmark Blue Shield, 243 F. App'x 691, 693 (3d Cir. 2007), the court of

---

> Noting that ERISA's "integrated enforcement mechanism, ERISA § 502(a)," is "essential to accomplish Congress' purpose of creating a comprehensive statute for the regulation of employee benefit plans," the Court held "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *[Aetna Health*, 124 S.Ct.] at 2495 (citing *Pilot Life,* 481 U.S. 481, 54-56, 107 S.Ct. 1549). The Court explained "Congress' intent to make the ERISA civil enforcement mechanism exclusive would be undermined if state causes of action that supplement the ERISA § 502(a) remedies were permitted, even if the elements of the state cause of action did not precisely duplicate the elements of an ERISA claim." *Id.* at 2499-2500. In short, *Aetna Health* confirms that conflict preemption applies to any "state cause of action that provides an alternative remedy to those provided by the ERISA civil enforcement mechanism" because such a cause of action "conflicts with Congress' clear intent to make the ERISA mechanism exclusive." *Id.* at 2498 n.4.

Barber, 383 F.3d at 140.

appeals cited its holding in Barber, recognizing that state law claims arising out of the an employee benefit plan brought under 42 PA. CONS. STAT. § 8371 are preempted by ERISA.

Although the court of appeals in Barber did not address the question of punitive damages in its analysis of the savings clause, it did so under the conflict preemption analysis, stating:

> Reading *Pilot Life, Rush Prudential*, and *Aetna Health* together, a state statute is preempted by ERISA if it provides "a form of ultimate relief in a judicial forum that added to the judicial remedies provided by ERISA," *Rush Prudential*, 536 U.S. at 379, 122 S.Ct. 2151, or stated another way, if it "duplicates, supplements, or supplants the ERISA civil enforcement remedy." *Aetna Health,* 542 U.S. at ---, 124 S.CT. at 2495 (citing *Pilot Life,* 481 U.S. at 54-56, 107 S.Ct. 1549). 42 Pa.C.S. § 8371 is such a statute because it is a state remedy that allows an ERISA-plan participant to recover punitive damages for bad faith conduct by insurers, supplementing the scope of relief granted by ERISA. Accordingly, 42 PA.C.S. § 8371 is subject to conflict preemption.

Barber, 383 F.3d at 140. The breadth of the analysis in Barber warrants the conclusion that an insurer's exposure to punitive damages does not alter the risk of loss analysis the "insured agrees to bear for its insured." Id. at 143. This finding is supported by several district court decisions, post Barber, which found that the remedy of punitive damages for bad faith claims in Pennsylvania bears no relation to the risk insured against. See Martellacci v. Guardian Life Ins. Co. of Am., Civ. A. No. 08-2541, 2009 WL 159293, at *3 (E.D. Pa. Feb. 19, 2009); Stout v. American Fed'n of St., Cnty, and Mun. Emps. Dist. Council 33, Civ. A. No. 08-4621, 2009 WL 159293, at *2 (E.D. Pa. Jan. 20, 2009); Brown v. Independence Blue Cross, Civ. A. No. 08-1355, 2008 WL 2805600, at *6 (E.D. Pa. July 21, 2008).

Plaintiff's reliance on district court decisions[3] decided prior to Barber is unavailing because those decisions are overruled to the extent they are inconsistent with Barber. Therefore,

---

[3]  See Stone v. Disability Mgt Servs., 288 F. Supp. 2d 684 (M.D. Pa 2003); Rosenbaum v. UNUM Life Ins. Co. of Am., No. 01-6758, 2002 WL 1769899 (E.D. Pa. July 29, 2002).

12

plaintiff's claim that the ERISA savings clause exempts 42 PA. CONS. STAT. § 8371 from the preemption provisions of ERISA is not supported by law and must be dismissed.

4. Unfair Trade Practice and Consumer Protection Act

At count IV, plaintiff alleges that the actions and omissions of Prudential violated the mandates of the Pennsylvania Unfair Trade Practices and Consumer Protection Act, 73 PA. CONS. STAT. § 201-1 et seq. ("UTPCPA")[4] which provides in relevant part:

§ 201-9.2. Private actions

(a) Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act [§ 201-3], may bring a private action, to recover actual damages or one hundred dollars ($100), whichever is greater. The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees.

73 PA. CONS. STAT. § 201-9.2(a).

The Court of Appeals for the Third Circuit has not addressed the issue whether ERISA preempts the UTPCPA. Several district courts which addressed this issue found that claims brought pursuant to Pennsylvania's UTPCPL are preempted by ERISA. See Stout, 2009 WL 159293, at *3; Brown, 2008 WL 2805600, at *6; Viechnicki v. Unumprovident Corp., Civ. A.

---

[4] Within this claim, plaintiff included a claim for a violation of Pennsylvania's Unfair Insurance Practices Act ("UIPA"), 42 PA. CONS. STAT. §§ 1171.1 et seq. There is no private right of action for an insured under the UIPA. See Olick v. Kearney, 451 F.Supp.2d 665, 678 (E.D. Pa. 2006) (dismissing plaintiff's claim with prejudice under the Pennsylvania UIPA, because there is no private right of action) (citing D'Ambrosio v. Nat'l Mut. Cas. Ins. Co., 431 A.2d 966, 970 (Pa. 1981)). If there is a violation of the UIPA, however, the conduct that is involved may be considered when determining whether an insurer acted in "bad faith" under 42 PA. CONS. STAT § 8371. Romano v. Nationwide Mut. Fire Ins. Co., 646 A.2d 1228, 1233 (Pa. Super. Ct. 1994).

No. 06-2460, 2007 WL 433479, at *6 (E.D. Pa. Feb.8, 2007); Erbe v. Billeter, Civ. A. No. 06-113, 2006 WL 3227765, at *7 (W.D. Pa. Nov. 3, 2006). Pennsylvania's UTPCPA is a generally applicable statute not specifically directed toward entities engaged in insurance. The claim asserted by plaintiff under the UTPCPA is preempted by ERISA because the claim relates to an employee benefits plan and is asserted under a state statute that is not directed to insurance. Like plaintiff's other state law claims at counts I, II, and III, this claim must be dismissed.

### IV. Conclusion

Upon review of the parties' submissions, a hearing on the Motion, and for the reasons set forth above and at the hearing, the court finds that counts I, II, III and IV raise state law claims which are preempted by ERISA. The claims relate to an ERISA employee benefit plan, and fall outside of the protective ambit of ERISA's savings clause, 29 U.S.C. § 1144(b)(2)(A). Plaintiff was afforded an opportunity to amend the Complaint and declined to so. Under those circumstances, the Complaint will be dismissed with prejudice.

### V. Order

And now this 23rd day of September, 2010,

**IT IS HEREBY ORDERED** that defendant Prudential Insurance Company of America's Motion to dismiss the Complaint filed by plaintiff Carolyn Jobe is **GRANTED** and the Complaint is **DISMISSED** with prejudice. The clerk shall mark this case closed.

> By the court:
>
> /s/ JOY FLOWERS CONTI
> Joy Flowers Conti
> United States District Judge